Curia, per
Wardlaw, J.
Supposing that the other grounds of appeal have been sufficiently noticed in the report, this court has addressed its consideration mainly to the three first. As to the second and third: if the defence present a new title, the defendant may, as to that, by rejoinder in evidence, meet the answer made by the plaintiff in his reply, in like manner as the plaintiff, with regard to the title shewn by his direct examination, may reply to the answer made in the defence. If, then, as the third ground seems, to contemplate, the defendant’s offer had been to meet the plain tiff’s proof as to the gift by Harlan to his daughter, the evidence would have been admissible ; but the offer was to rejoin, by proof, as to a mortgage, to the reply which the plaintiff had made to the defendant’s attack upon the bills of sale; and in this view, the evidence was cumulative, and properly rejected. Faucett was sued by the plaintiff in trover for Mingo ; pending the suit, Mingo came to the possession of the present defendant, and this suit ’was commenced. A verdict was had against Faocett for fourteen hundred dollars, damages for the conversion of Mingo, being his price and hire from the time of conversion to the verdict: that recovery is pleaded in bar to this suit; and the court is of opinion, that as to Mingo, it is a bar. The case of Rogers & Thompson vs. Moore, Rice, 60, shews that a verdict in trover,', without satisfaction, changes the property, and transfers' the right to the defendant. It is likened to a‘bond or note taken in payment, when a sale is made upon credit. It is an acknowledgment by the plaintiff, in the most solemn form, that his property has become the property of the defendant, by conversion ; and as the plaintiff, by commencing and continuing the action, has shewn his confidence in the personal credit of the defendant, and the verdict gives him damages commensurate with the price of *183 the chattel and its hire, from the conversion to the verdict, the recovery is a discharge of all right of action, touching the use of the chattel subsequent to the conversion complained of. In anticipation of the question now considered, the jury, in the case before us, have drawn their verdict so as to shew that of the $3,840 found for the plantiff, $2,280 were for the conversion of Jess, and $1,560 for the conversion of Mingo. It is therefore ordered, that a new trial be granted, unless the plaintiff will enter a remitter of one thousand five hundred and sixty dollars of the damages found for him.
Richardson, O’Neall, Evans, Earle, and Butler, JJ., concurred.